## No. 23–1634 (L)

### UNITED STATES COURT OF APPEALS
### FOR THE FOURTH CIRCUIT

MOKE AMERICA LLC, a New York limited liability company,
*Plaintiff – Appellee*,

v.

MOKE INTERNATIONAL LIMITED
*Counter Claimant – Appellant*,

and

AMERICAN CUSTOM GOLF CARS, INC., a California corporation; MOKE USA, LLC, a Delaware limited liability company,
*Defendants*,

and

BLACK AND WHITE CORPORATIONS I–X; ABC PARTNERSHIPS I–X; JOHN AND JANE DOES I–X; DANIELS INDUSTRIES, LLC, an Ohio limited liability company; ANTOINE VERGLAS, INC., a New York corporation,
*Third Party Defendants*.

_____

### No. 23-1720 (Consolidated Member)
_____

MOKE AMERICA LLC, a New York limited liability company,
*Plaintiff – Appellee*,

v.

MOKE USA, LLC, a Delaware limited liability company,
*Defendant – Appellant*,

and

AMERICAN CUSTOM GOLF CARS, INC., a California corporation,
*Defendant*,

MOKE INTERNATIONAL LIMITED,
*Counter Claimant*,

and

BLACK AND WHITE CORPORATIONS I–X; ABC PARTNERSHIPS I–X; JOHN & JANE DOES I–X; DANIELS INDUSTRIES, LLC, an Ohio limited liability company; ANTOINE VERGLAS, INC., a New York corporation,
*Third Party Defendants*.

{F5260359.7 }

_____

# No. 23-1675 (Consolidated Cross-Appeal)
_____

MOKE AMERICA LLC, a New York limited liability company,
*Plaintiff – Appellant*,

v.

MOKE INTERNATIONAL LIMITED,
*Counter Claimant – Appellee*,

and

MOKE USA, LLC, a Delaware limited liability company,
*Defendant – Appellee*,

and

AMERICAN CUSTOM GOLF CARS, INC., a California corporation,
*Defendant*,

and

BLACK AND WHITE CORPORATIONS I–X; ABC PARTNERSHIPS I–X; JOHN & JANE DOES I–X; DANIELS INDUSTRIES, LLC, an Ohio limited liability company; ANTOINE VERGLAS, INC., a New York corporation,
*Third Party Defendants*.
_____

On appeal from the United States District Court for the Eastern District of Virginia, Richmond Division (No. 3:20-cv-00400-DJN-EWH)
_____

**APPELLANTS' REPLY IN SUPPORT OF MOTION TO SUPPLEMENT THE RECORD AND/OR TAKE JUDICIAL NOTICE OF USPTO AND TTAB DOCUMENTS THAT WERE BEFORE THE DISTRICT COURT**

Appellants Moke International Limited and Counterclaimant/Defendant Moke USA, LLC (collectively, "Applicants"), by and through their undersigned

{F5260359.7}                                    2

counsel, respectfully submit this reply memorandum in support of their motion (Dkt. 41) ("Motion") to supplement the record on appeal with and, in the alternative, for judicial notice of USPTO and TTAB documents that were before the District Court and attached as exhibits to the Motion ("Documents"). The Response to the Motion (Dkt. 46) ("Response") filed by Appellee Moke America LLC ("Opposer") fails to provide any convincing basis to deny Applicants' Motion.

A. **Supplementation of the Record on Appeal Is Appropriate Because the USPTO and TTAB Documents Were Before the District Court.**

Opposer's arguments against supplementing the record on appeal mischaracterize the record below and misconstrue controlling law.

  1. *Opposer's Assertion that the Documents Were "Never Presented to the District Court" is Undermined by its Own Admissions.*

Opposer acknowledges that supplementation of the record is appropriate where "the documents at issue were essential to ensure that the record 'truly disclosed' the course of the litigation." *See* Response at 4 (quoting *Maryland Shall Issue, Inc. v. Hogan*, No. CV ELH-16-3311, 2019 WL 5102920, at *4 (D. Md. Oct. 11, 2019) (citing Fed. R. App. P. 10(e)(1) and *In re Barsh*, 197 F. App'x 208 (4th Cir. 2006)).

Further, Opposer, in its Response, does not dispute numerous facts, as set forth in Applicants' Motion:

- the evidence contained in the Documents was before the District Court through submissions by Applicants made in response to the District Court's numerous post-trial briefing orders (*see* Motion ¶¶ 5–6, 19-20);

- Opposer never objected to the submission of the Documents by Applicants to the District Court, despite having ample opportunity to do so in its own post-trial submissions (*see id.* ¶¶ 7, 21);

- Opposer itself relied on evidence contained in the Documents in its own post-trial submissions (*see id.* ¶¶ 7, 21);

- the District Court never raised any question about the submission of the evidence contained in the Documents prior to issuing its May 3 Opinion[1] (*see id.* ¶¶ 7); and

- the District Court's May 3 Opinion references evidence contained in the Documents (*see id.* ¶ 7, 20).

There is, therefore, no basis for Opposer's odd assertion that the "Documents were never presented to the District Court." Response at 8.

It is true that these documents were not ***submitted into evidence*** during the January 27, 2023 trial, as they primarily address an issue that the District Court raised ***after*** trial: whether the MOKE mark is generic. However, the Documents were presented to the District Court during the extensive post-trial briefing it ordered (*see* JA0849; JA0931; JA0933), including specifically with respect to whether MOKE is generic. Thus, the Documents are needed to "truly disclose" to this Court the

---

[1] Terms not defined herein were defined in the Motion.

evidence that was before the District Court when it issued its May 3 Opinion finding the MOKE mark to be generic. *See* Motion ¶ 20.

> 2.  ***Opposer's Arguments Against Supplementing the Record with the Documents Ignore Fourth Circuit Precedent and Are Unavailing.***

In its Response, Opposer does not even attempt to address the myriad cases cited by Applicants in which this Court (and others) found supplementation appropriate in similar situations. *See* Motion ¶¶ 16–17 (collecting cases). Nor does Opposer cite ***any*** Fourth Circuit precedent to support its position that supplementation is inappropriate.[2] Instead, Opposer makes a series of untenable arguments.

*First*, Opposer relies on the District Court's assertion, in rejecting the motion to supplement made below, that it "did not rely upon the prior [trademark] applications" and "explicitly rejected Moke International's references to and reliance upon these prior [trademark] applications as inapt and irrelevant under applicable principles of trademark law[.]" Response at 5 (quoting District Court Proceeding, ECF No. 330). In doing so, Opposer appears to miss the salient point of this assertion: the District Court necessarily had to consider the documents to be able to reject them.

---

[2] Opposer cites only one Fourth Circuit case in its Response and only for the undisputed proposition that a District Court reviews appeals from the TTAB *de novo*. *See* Response at 7.

{F5260359.7}                                    5

In addition, as explained in the Motion, the Documents in the USPTO records concerning applications to register the MOKE mark should have been considered by the District Court, because USPTO determinations on registrability of a trademark are entitled to deference. *See* Motion ¶ 20 (citing Dkt. 33 at 32–33). The District Court disagreed, finding "[Applicants'] references to prior decisions of the USPTO regarding the MOKE mark fail to demonstrate the mark's distinctiveness, for several reasons." JA1140. Thus, the District Court's decision to "not rely upon" and "explicitly reject[]" the evidence in the Documents – despite it being brought to the District Court's attention – forms one of the bases for Applicants' challenge to the District Court's genericness decision. Therefore, these references support the conclusion that the Documents need to be included in the record on appeal to "truly disclose[]" what occurred in the District Court proceedings. *Maryland Shall Issue, Inc.*, 2019 WL 5102920, at *4.

*Second*, Opposer's reference to the District Court's "invitations" to Applicants to present new evidence, *see* Response at 5–6, is misleading. Throughout the District Court proceedings, the parties agreed that MOKE is a valid and protectable mark. *See* Motion ¶¶ 3–7. Thus, at trial, no party needed to seek admission of the Documents to show that MOKE is not generic. *See, e.g.*, *George & Co. LLC v. Imagination Entm't Ltd.*, 575 F.3d 383, 393 n.10 (4th Cir. 2009)

("Because the parties do not dispute the validity and protectability of [the mark], the issues of validity and protectability are irrelevant in this appeal.").

The Documents, however, were brought to the District Court's attention by Applicants *after trial*, during the extensive post-trial briefing ordered by the District Court as it struggled to determine the proper characterization of the term "Moke" on the distinctiveness spectrum. As noted in the Motion, for example, the District Court ordered both parties to brief the effect of this Court's *Gruyere* decision[3] the day it issued (JA0873), and later ordered briefing on a 2014 USPTO non-final office action rejecting an application to register the mark TUK TUK for vehicles (JA0933) – a matter that was nowhere in the trial record. Thus, Applicants' citation to the Documents in post-trial briefing, *after* the trial record was formed, was appropriate to address issues *newly raised* by the District Court.

It is true that the District Court offered Applicants an opportunity to re-open the trial. In a hearing held on February 27, 2023, *before* this bevy of additional post-trial briefing, the District Court stated: "Assuming that [] the ***defendant sticks with it being a descriptive mark*** . . . the [re-opened] trial will come down to whether the mark then has a secondary meaning as it relates to the defendants[.]" JA0858 (emphasis added). However, Applicants explained it was ***never*** their position that

---

[3] *Interprofession du Gruyere v. U. S. Dairy Exp. Council*, 61 F.4th 407 (4th Cir. 2023).

{F5260359.7}                                7

the MOKE mark was descriptive in the context of the *Abercrombie* factors. *See* JA0880–0882 (Applicants' Post-trial Brief). As elaborated in Applicants' appeal brief, MOKE can only properly be categorized as inherently distinctive (*i.e.*, arbitrary, fanciful, or suggestive) – not descriptive. *See* Dkt. 33 at 49–50. Therefore, the option of re-opening the trial to present evidence with respect to secondary meaning – which is an issue only for descriptive marks – was never an option of which Applicants could avail themselves.

*Third*, Opposer raises irrelevant arguments with respect to 15 U.S.C. § 1071(b)(3) concerning the TTAB Documents. This Court has held, on multiple occasions that, in an appeal from a TTAB decision to a district court made pursuant to 15 U.S.C. § 1071(b), "[t]he district court **must** admit the PTO record if a party so moves[.]" *See, e.g.*, *Swatch AG v. Beehive Wholesale, Ltd. Liab. Co.*, 739 F.3d 150, 155 (4th Cir. 2014) (emphasis added); Motion ¶ 13 (collecting cases)). Opposer's argument to ignore this mandate again hinges on the fact that the records from the TTAB proceedings were not moved into the record "during the pendency of the case." Response at 7. However, the Documents from the TTAB Proceeding that are subject to this motion, as discussed above and previously (Motion ¶¶ 18–19), in fact were before the District Court during the "pendency" of the District Court proceedings, even if not formally moved into the record.

Thus, because the Documents were before the District Court, and were erroneously ruled upon by it (namely, by deeming them inappropriate for consideration) as shown in its May 3 Opinion, *see also* District Court Proceeding, ECF No. 330, the record should be supplemented to include them.[4]

### B. This Court Can and Should Take Judicial Notice of the USPTO and TTAB Records at Issue

Opposer's arguments against judicial notice are similarly unavailing. Opposer's discussion of the case cited by the District Court in its May 3 Opinion, *Threshold Enterprises Ltd. v. Pressed Juicery, Inc.*, omits this critical sentence from *Threshold Enterprises* quoted by the District Court in that opinion: "[m]aterials in the online files of the USPTO and other matters of public record are proper subjects of judicial notice." JA1122 n.13 (quoting 445 F. Supp. 3d 139, 145 (N.D. Cal. 2020) (citing *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006)). The District Court's *post hoc* explanation cited by Opposer, that it only judicially noticed one fact from the TTAB Proceeding Record, *see* Response at 6, does nothing to change the holding of *Threshold Enterprises* that USPTO files are appropriate for judicial notice. Moreover, Opposer, in asserting that "documents"

---

[4] Opposer's protestations that the Motion comes late in the day overlook the fact that Opposer has been aware of the Documents since they were first cited by Applicants in the District Court, and that Opposer's time to respond to Applicants' appeal brief has already been extended by more than a month and is not due until October 23, 2023.

(rather than "facts") cannot be the subject of judicial notice, purports to rely on language from *Threshold Enterprises*. Yet, Opposer omits the fact that the court in *Threshold Enterprises* took judicial notice of **documents** from the USPTO (not merely "facts" contained therein) that were attached as exhibits to the parties' pleadings and various declarations. *See* 445 F. Supp. 3d at 144–46.

Opposer also fails to address the cited precedent from this Court that similarly took judicial notice of a **document** prepared by a governmental agency. *See* Motion ¶ 24 (citing *Bulger v. Hurwitz*, 62 F.4th 127, 145 n.4 (4th Cir. 2023) (taking "judicial notice of the report" by the Justice Department "pursuant to Federal Rule of Evidence 201" in context of motion to supplement). Instead, in support of its position to the contrary, Opposer cites a single, unpublished case from the District of Montana that is wholly inapposite as it dealt with supplementation of an **agency's** record in the context of a challenge under the Administrative Procedures Act. *See* Response at 10 (citing *All. for the Wild Rockies v. Marten*, 2016 WL 7174671, at *3 (D. Mont. Oct. 3, 2016)).

Accordingly, both the USPTO and TTAB Documents are independently admissible before this Court pursuant to the Federal Rule of Evidence as materials appropriate for judicial notice.

## CONCLUSION

For the reasons above and in their Motion, Applicants respectfully request leave to file the Documents in order to supplement the record on appeal and, in the alternative, that the Court take judicial notice of the attached exhibits pursuant to Federal Rule of Evidence 201.

Dated:   September 20, 2023

Of counsel:

Respectfully submitted,

*/s/* Maya M. Eckstein

Maya M. Eckstein
Trevor Cox
HUNTON ANDREWS KURTH LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 22319-4074
Tel: (804) 788-8788

Craig S. Mende
Andrew Nietes
FROSS ZELNICK LEHRMAN & ZISSU, P.C.
151 West 42nd Street, 17th Floor
New York, New York 10036
Tel: 212-813-5954

*Attorneys for Moke USA, LLC and Moke International Ltd.*

## CERTIFICATE OF COMPLIANCE

I certify that this motion complies with the requirements of Federal Rule of Appellate Procedure 27(d)(1)(E) because it has been prepared in 14-point Times New Roman, a proportionally spaced font, and that it complies with the type-volume limitation of Rule 27(d)(2) because it contains 1,927 words, according to the count of Microsoft Word.

*/s/* Maya M. Eckstein
Maya M. Eckstein

## CERTIFICATE OF SERVICE

I hereby certify that on September 20, 2023, I electronically filed this brief with the Clerk of this Court by using the appellate CM/ECF system. The participants in the case are registered CM/ECF users and service will be accomplished by the appellate CM/ECF system.

*/s/* Maya M. Eckstein
Maya M. Eckstein
